IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYDIA MENDOZA and JOSE L. MENDOZA, § § § | | |
| Plaintiffs, § § | | |
| v. § § § | CIVIL ACTION NO. H-14-0554 | |
| WELLS FARGO BANK, N.A., as TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-NC2, § § § § § § § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Lydia Mendoza and Jose L. Mendoza (collectively, "Plaintiffs") brought this action against defendant Wells Fargo Bank, N.A., as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-NC2 ("Wells Fargo") in the 129th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2014-04776. Wells Fargo removed the action to this court. Pending before the court is Defendant's Motion to Dismiss ("Motion to Dismiss") (Docket Entry No. 5). For the reasons explained below, Wells Fargo's Motion to Dismiss will be granted in part and denied in part.

## I. Background

On February 9, 2005, Plaintiffs executed a Texas Home Equity Security Instrument granting New Century Mortgage Corporation a lien on their Harris County homestead in order to secure a home equity loan.[1] Wells Fargo "has asserted that it is the current holder of the Note."[2]

On May 28, 2008, "after Plaintiffs began to suffer financial hardships," Wells Fargo accelerated the loan.[3] On June 12, 2008, Wells Fargo filed an Application for Home Equity Foreclosure in the 113th Judicial District Court of Harris County, Texas, which was granted on September 8, 2008.[4] On August 27, 2010, Wells Fargo filed a second Application for Home Equity Foreclosure in the 234th

---

[1] Original Petition and Request for Disclosures ("Original Petition"), Exhibit A-3 to Defendant's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-2, p. 11 ¶¶ 11-12; Texas Home Equity Note ("Note"), Exhibit 1 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 21; Texas Home Equity Security Instrument ("Security Instrument"), Exhibit 2 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 25. Page citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

[2] Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 11 ¶ 13.

[3] Id. ¶ 14; see also Letters from Barrett Daffin Frappier Turner & Engel, L.L.P. to Jose L. Mendoza and Lydia S. Mendoza (May 28, 2008) ("May 28, 2008, Notices of Acceleration"), Exhibit 3 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, pp. 42-43; Motion to Dismiss, Docket Entry No. 5, p. 1.

[4] Motion to Dismiss, Docket Entry No. 5, p. 1; Verified Tex. Rule Civ. P. 736 Application for Home Equity Foreclosure Order ("2008 Foreclosure Application"), Exhibit A to Motion to Dismiss, Docket Entry No. 5-1; Plaintiffs' Response to Defendant's Motion to Dismiss ("Response"), Docket Entry No. 9, p. 3 ¶ 7.

Judicial District Court of Harris County, Texas, which was granted on April 29, 2011.[5] On September 30, 2013, Wells Fargo filed a third Application for Home Equity Foreclosure in the 334th Judicial District Court of Harris County, Texas.[6]

On February 3, 2014, Plaintiffs brought this action in the 129th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2014-04776.[7] The action was transferred to the 127th Judicial District Court of Harris County, Texas, on February 5, 2014.[8] On March 6, 2014, Wells Fargo removed the action to this court.[9] Wells Fargo filed the pending Motion to Dismiss on March 13, 2014.[10] Plaintiffs filed their Response on April 3, 2014,[11] and Wells Fargo filed a reply on April 18, 2014.[12]

---

[5] Motion to Dismiss, Docket Entry No. 5, p. 2; Verified Tex. Rule Civ. P. 736 Application for Home Equity Foreclosure Order ("2010 Foreclosure Application"), Exhibit B to Motion to Dismiss, Docket Entry No. 5-2; Response, Docket Entry No. 9, p. 3 ¶ 9.

[6] Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 3 ¶ 15; Motion to Dismiss, Docket Entry No. 5, p. 2; Tex. Rule Civ. P. 736 Application for Home Equity Foreclosure Order ("2013 Foreclosure Application"), Exhibit C to Motion to Dismiss, Docket Entry No. 5-3; Response, Docket Entry No. 9, p. 3 ¶ 11.

[7] Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 9.

[8] Transfer Order, Exhibit A-4 to Notice of Removal, Docket Entry No. 1-2, p. 46.

[9] Notice of Removal, Docket Entry No. 1.

[10] Motion to Dismiss, Docket Entry No. 5.

[11] Response, Docket Entry No. 9.

[12] Defendant's Reply in Support of Its Motion to Dismiss ("Reply"), Docket Entry No. 10.

## II. **Applicable Law**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)). To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted). "Further, a complaint that shows relief to be barred by an affirmative defense, such as the statute of limitations, may be dismissed for failure to state a cause of action." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. Isquith ex rel. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988).

Plaintiffs have attached copies of the Note, Security Instrument, and May 28, 2008, Notices of Acceleration to their Original Petition. "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may

-5-

be considered in a 12(b)(6) dismissal proceeding." <u>Ferrer v. Chevron Corp.</u>, 484 F.3d 776, 780 (5th Cir. 2007).

Wells Fargo has attached copies of the 2008, 2010, and 2013 Foreclosure Applications to its Motion to Dismiss. Wells Fargo argues that these documents are matters of public record of which the court may take judicial notice.[13] Plaintiffs argue, however, that while the court may take judicial notice of the fact that the Foreclosure Applications were filed, "the assertions made in the applications . . . are not 'public records' fit for judicial notice, and are just self serving statements by Wells Fargo."[14]

Under Federal Rule of Evidence 201 "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, Wells Fargo asks the court to take judicial notice of the contents of the Foreclosure Applications in order to establish facts that would allow the court to draw the inference that Wells Fargo abandoned its 2008 acceleration of the Plaintiffs' home equity loan.[15] Specifically, Wells Fargo seeks to establish

---

[13]Motion to Dismiss, Docket Entry No. 5, pp. 5-7.

[14]Response, Docket Entry No. 9, p. 8 ¶ 21.

[15]<u>See</u> Motion to Dismiss, Docket Entry No. 5, pp. 5-7; Reply, Docket Entry No. 10, p. 6.

that Plaintiffs made, and Wells Fargo accepted, payments against the outstanding balance of the loan after the 2008 acceleration.[16] Plaintiffs dispute the circumstances under which any payments were made and argue that "the three separate home equity foreclosure applications actually supports continued acceleration."[17]

The court concludes that the averments in the Foreclosure Applications and the factual content of the documents attached to them fail to clear Rule 201's "'indisputability' hurdle." See Taylor v. Charter Med. Corp., 162 F.3d 827, 830 & n.18 (5th Cir. 1998) ("We note . . . that we have difficulty conceiving of an adjudicative fact found in a court record that is not subject of reasonable dispute and, therefore, of which a court could take judicial notice."). Accordingly, the court will take judicial notice of the fact that the Foreclosure Applications were filed but will not consider the verity of their contents for purposes of the pending Motion to Dismiss. See Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 408 (5th Cir. 2004) ("Although we cannot take judicial notice of findings of fact of other courts, the fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice."); cf. Callan v. Deutsche Bank Trust Co. Americas, No. 4:13-CV-247, 2014 WL 1314831, at n.2 (S.D. Tex. Mar. 27, 2014) (taking judicial

---

[16]See Motion to Dismiss, Docket Entry No. 5, pp. 5-7.

[17]Response, Docket Entry No. 9, p. 1 ¶ 1, p. 5 ¶¶ 15-16.

notice "of the contents of . . . three foreclosure applications" when the plaintiff "ask[ed] the [c]ourt to take judicial notice of the contents of the applications only for the fact that they were filed, not for the truth of the statements therein").

### III. Analysis

In their Original Petition Plaintiffs allege violations of Article XVI, § 50(a)(6) of the Texas Constitution regarding their home equity loan.[18] Plaintiffs also allege that Wells Fargo is barred from foreclosing on their property by the four-year statute of limitations found in § 16.035(b) of the Texas Civil Practice and Remedies Code.[19] In addition to seeking declaratory and injunctive relief,[20] Plaintiffs allege claims for breach of contract[21] and quiet title.[22] Wells Fargo has moved to dismiss all of Plaintiffs' claims.

#### A. Violations of the Texas Constitution

Plaintiffs allege five violations of Article XVI, § 50(a)(6) of the Texas Constitution regarding their home equity loan. They allege (1) that they never received the notice required by § 50(g),

---

[18]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, pp. 11-13 ¶¶ 16-17.

[19]Id. at 13-14 ¶¶ 18-21.

[20]Id. at 15-17, ¶¶ 29-36, 19 ¶¶ a-d.

[21]Id. at 14 ¶¶ 22-24.

[22]Id. at 14-15 ¶¶ 25-28, 19 ¶ a.

in violation of § 50(a)(6)(M)(i); (2) that they did not receive a copy of the final loan documents, in violation of § 50(a)(6)(Q)(v); (3) that there was no appraisal prepared in compliance with § 50(h)(1) for purposes of § 50(a)(6)(Q)(ix); (4) that they did not receive notice of their right to rescind under § 50(a)(6)(Q)(viii) as required by § 50(g), in violation of § 50(a)(6)(M)(i); and (5) that they did not execute a written acknowledgment of the homestead property's fair market value, in violation of § 50(a)(6)(Q)(ix).[23] Plaintiffs seek a declaration that the mortgage lien is void.[24]

Wells Fargo argues that Plaintiffs' claims based on alleged violations of the Texas Constitution are barred by the four-year statute of limitations provided in § 16.051 of the Texas Civil Practice and Remedies Code.[25]

Constitutional infirmities under § 50(a)(6) are subject to the four-year statute of limitations found in § 16.051 of the Texas Civil Practice and Remedies Code. Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 674 (5th Cir.), cert. denied, 134 S. Ct. 196 (2013). The statute of limitations begins to run when the lien is created on the date of closing on the loan. Id. at 675-76.

Plaintiffs argue that the discovery rule operates to toll the limitations period until "February 3, 2014, when [their] counsel

---

[23]Id. at 11-13 ¶ 16.

[24]Id. at 15-17 ¶¶ 29-35.

[25]Motion to Dismiss, Docket Entry No. 5, pp. 2, 4-5, 7.

did an in-depth review of all documents relating to the Property."[26] However, the Fifth Circuit has rejected this argument and held that "the legal injury rule applies to the creation of unconstitutional liens," and that the legal injury occurs at the creation of the lien. Id. at 675-76; Moran v. Ocwen Loan Servicing, L.L.C., No. 13-20242, 2014 WL 1193510, at *1 (5th Cir. Mar. 24, 2014). Plaintiffs' argument therefore has no merit.

Plaintiffs also argue that § 16.051 is inapplicable because they are "seeking to have the lien on their real property be declared void" and "[s]uits for recovery of real property are not covered by the residual four-year statute of limitations."[27] See Tex. Civ. Prac. & Rem. Code § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."). Whether an action constitutes "an action for the recovery of real property" for purposes of § 16.051's exception depends upon whether the challenged lien is void or merely voidable. See Slaughter v. Qualls, 162 S.W.2d 671, 674 (1942) ("The rule has long been established in this State that where a deed is absolutely void, a suit at law in trespass to try title may be maintained to recover the land without setting the deed aside, and the statutes of

---

[26]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 18 ¶ 40.

[27]Id. at 17 ¶ 35.

limitation governing actions for the recovery of land apply. On the other hand, where a deed is merely voidable and the equity powers of the court must first be invoked to cancel the deed before a suit can be maintained at law to recover the land, then the four-year statute controls." (citations omitted)); see also Carl v. Settegast, 237 S.W. 238, 241-42 (Tex. Comm'n App. 1922, holding approved); Garcia v. Garza, 311 S.W.3d 28, 44 (Tex. App.— San Antonio 2010, pet. denied).

In Priester the Fifth Circuit explained that liens created in violation of § 50(a)(6) are voidable rather than void. 708 F.3d at 674 & n.4, 675 n.6. Because a lien created in violation of § 50(a)(6) is voidable rather than void, the four-year statute of limitations applies. See id. at 673-76; see also Sigaran v. U.S. Bank Nat. Ass'n, No. 13-20367, 2014 WL 1688345, at *4 (5th Cir. Apr. 30, 2014); Moran, 2014 WL 1193510, at *1. Here, Plaintiffs' home equity loan was closed on February 9, 2005.[28] This suit was brought on February 3, 2014, almost nine years later.[29] Plaintiffs' constitutional claims are therefore time-barred and will be dismissed.

---

[28] Id. at 11 ¶ 12; Note, Exhibit 1 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 21; Security Instrument, Exhibit 2 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 25.

[29] Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 9.

## B. Breach of Contract

Plaintiffs' breach of contract claim is based entirely on the alleged constitutional violations discussed above.[30] Plaintiffs allege that § 50(a)(6) is "specifically incorporated" into the Security Instrument and that any violation of § 50(a)(6) is therefore also a breach of the Security Instrument.[31] Wells Fargo argues that Plaintiffs' breach of contract claims based on alleged violations of § 50(a)(6) are barred by limitations.[32] The court agrees with Wells Fargo.

Under Texas Law breach of contract claims are subject to § 16.051's four-year statute of limitations. Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002). "It is well-settled law that a breach of contract claim accrues when the contract is breached." Id. Here, the alleged violations of § 50(a)(6) occurred when the loan was closed on February 9, 2005.[33] See Priester, 708 F.3d at 675-76 & n.6; Moran, 2014 WL 1193510, at *2-3. This suit was brought on February 3, 2014, almost nine years later.[34] Plaintiffs'

---

[30]See id. at 14 ¶¶ 22-24.

[31]Id.

[32]Motion to Dismiss, Docket Entry No. 5, pp. 4-5.

[33]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 11 ¶ 12; Note, Exhibit 1 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 21; Security Instrument, Exhibit 2 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 25.

[34]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 9.

breach of contract claim is therefore time-barred and will be dismissed.

C.  **Quiet Title**

To the extent that Plaintiffs' quiet-title claim is based on the alleged constitutional violations discussed above, such claim fails as a matter of law. "To the extent that a constitutional claim under Section 50(a)(6) renders a lien voidable rather than void, once the period of limitations has passed, the lien is no longer voidable and is valid." Priester, 708 F.3d at 678. Because the statute of limitations has run on Plaintiffs' constitutional claims, any claim for quiet title based on the same allegations must fail. See Nunez v. CitiMortgage, Inc., No. A-14-CA-89-SS, 2014 WL 819463, at *2 (W.D. Tex. Mar. 3, 2014); cf. Priester, 708 F.3d at 677-78 (upholding dismissal of a defamation claim based on the alleged invalidity of a lien in violation of § 50(a)(6) because after the period of limitations had passed the lien was valid and therefore any statement to that effect was true). Therefore, to the extent that Plaintiffs' quiet-title claim is based on the alleged violations of § 50(a)(6), such claim will be dismissed.

D.  **Limitations**

Plaintiffs argue that Wells Fargo is barred from foreclosing on their property by the four-year statute of limitations found in § 16.035(b) of the Texas Civil Practice and Remedies Code.[35] Under

---

[35] Id. at 13-14 ¶¶ 18-21.

§ 16.035(b) "a sale of real property under a power of sale in a mortgage or deed of trust that creates a real-property lien must be made not later than four years after the day the cause of action accrues." Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001) (citing Tex. Civ. Prac. & Rem. Code § 16.035(b)). "When this four-year period expires, the real-property lien and the power of sale to enforce the lien become void." Id. (citing Tex. Civ. Prac. & Rem. Code § 16.035(d)).

"If a note or deed of trust secured by real property contains an optional acceleration clause . . . the action accrues only when the holder actually exercises its option to accelerate." Id. at 566. "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." Id. However, "[e]ven when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." Id. at 566-67.

Plaintiffs allege that Wells Fargo accelerated their home equity loan on May 28, 2008.[36] Plaintiffs argue that Wells Fargo's "ability to foreclose under the [Security Instrument] expired when the four-year statute of limitations expired in 2012."[37]

---

[36]Id. at 11 ¶ 14, 14 ¶ 20; see also May 28, 2008, Notices of Acceleration, Exhibit 3 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, pp. 42-43; Motion to Dismiss, Docket Entry No. 5, p. 1.

[37]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 14 ¶ 21; see also id. at 11 ¶ 15; Response, Docket Entry No. 9, p. 3 ¶¶ 10-11.

Wells Fargo argues that "it is a matter of public record that [it] abandoned the 2008 acceleration notice."[38] Wells Fargo contends that the affidavits attached to the 2008, 2010, and 2013 Foreclosure Applications indicate that Plaintiffs made, and Wells Fargo accepted, payments against the outstanding balance of the loan after the 2008 acceleration.[39] However, as explained in § II above, the court has excluded the factual averments of these documents for purposes of the pending Motion to Dismiss.

Wells Fargo argues that "even if these public records are disregarded to the extent they show payments were applied to the loan, they demonstrate that Wells Fargo did not rely on the 2008 acceleration notice and instead sent new notices of default, new notices of intent to accelerate, and new notices of acceleration."[40] It is undisputed that after the loan was accelerated Wells Fargo "obtained an order allowing foreclosure in 2008."[41] Wells Fargo argues that "had [it] not abandoned the 2008 acceleration, it could have simply foreclosed under the 2008 order."[42]

---

[38]Motion to Dismiss, Docket Entry No. 5, p. 5.

[39]See id. at 5-7.

[40]Reply, Docket Entry No. 10, p. 6; see also Motion to Dismiss, Docket Entry No. 5, pp. 6-7.

[41]Reply, Docket Entry No. 10, p. 6; see also Response, Docket Entry No. 9, p. 3 ¶ 7.

[42]Reply, Docket Entry No. 10, p. 6.

Plaintiffs, however, contend that Wells Fargo in fact could have foreclosed under the 2008 order.[43] They argue that "after the initial acceleration, [Wells Fargo] had no duty to re-demand and re-accelerate the note -- Plaintiff[s] faced the risk of [Wells Fargo] foreclosing on [their] homestead at any time."[44] Plaintiffs further contend that "the three separate home equity foreclosure applications actually supports continued acceleration" and that "[n]o evidence of abandonment is contained in them at all."[45]

Although the court has taken judicial notice of the fact that the Foreclosure Applications were filed, whether the documents attached to those applications support an inference that Wells Fargo abandoned the previous acceleration depends upon the verity of their assertions, which the court will not consider for purposes of the pending motion to dismiss. In light of the parties' competing allegations, the court is not persuaded that the 2010 and 2013 Foreclosure Applications constitute conclusive evidence of abandonment, nor that they foreclose an inference that the 2008 acceleration was not abandoned. Cf. Miller v. Nationwide Life Ins. Co., No. 06-31178, 2008 WL 3086783, at *3 (5th Cir. Aug. 6, 2008) (noting that while a defendant's allegations in a motion to dismiss "may create a disputed factual issue as to [the plaintiff's]

---

[43]Response, Docket Entry No. 9, p. 4 ¶ 13.

[44]Id.

[45]Id. at 1-2 ¶ 1.

allegations, resolution of such a factual dispute is improper under a 12(b)(6) inquiry" and finding that the public records cited by the defendant "d[id] not conclusively refute [the plaintiff's] allegations"). Accepting the factual allegations in the complaint[46] as true and drawing all reasonable inferences in Plaintiffs' favor, the court therefore concludes that Plaintiffs have alleged enough facts to state a claim to relief that is plausible on its face.[47] See Twombly, 127 S. Ct. at 1974; Ramming, 281 F.3d at 161. Accordingly, Wells Fargo's motion to dismiss Plaintiffs' claims based on the four-year statute of limitations found in § 16.035(b) of the Texas Civil Practice and Remedies Code will be denied.

## IV. Conclusions and Order

For the reasons explained in § III.A above, the court concludes that Plaintiffs have failed to state a plausible claim for relief against Wells Fargo for violations of Article XVI, § 50(a)(6) of the Texas Constitution. For the reasons explained in § III.B above, the court concludes that Plaintiffs have failed to state a plausible claim for relief against Wells Fargo for breach of contract. For the reasons explained in § III.C above, the court

---

[46]See Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p 11 ¶¶ 11-15, p. 14 ¶ 20; May 28, 2008, Notices of Acceleration, Exhibit 3 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, pp. 42-43.

[47]See Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 11 ¶¶ 11-15, pp. 13-14 ¶¶ 18-21, pp. 14-15 ¶¶ 25-27, p. 19 ¶¶ a-c.

concludes that to the extent that Plaintiffs' quiet-title claim is based on violations of § 50(a)(6) Plaintiffs have failed to state a plausible claim for relief. Accordingly, these claims are **DISMISSED with prejudice**.

For the reasons explained in § III.D above, the court concludes that Plaintiffs state a plausible claim for relief based on the four-year statute of limitations found in § 16.035(b) of the Texas Civil Practice and Remedies Code. Defendant's Motion to Dismiss (Docket Entry No. 5) is therefore **GRANTED IN PART** and **DENIED IN PART**.

**SIGNED** at Houston, Texas, on this 12th day of June, 2014.

/s/ Sim Lake
SIM LAKE
UNITED STATES DISTRICT JUDGE