IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYDIA and JOSE L. MENDOZA | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-14-554 |
| WELLS FARGO BANK, N.A., AS | § | |
| TRUSTEE FOR STRUCTURED ASSET | § | |
| SECURITIES CORPORATION MORTGAGE | § | |
| PASS-THROUGH CERTIFICATES, | § | |
| SERIES 2005-NC2, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Lydia Mendoza and Jose L. Mendoza (collectively, "Plaintiffs") brought this action against defendant Wells Fargo Bank, N.A., as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2005-NC2 ("Wells Fargo")[1] in the 129th Judicial District Court of Harris County, Texas. Wells Fargo removed the action to this court. Pending before the court are Plaintiffs' Motion for Summary Judgment (Docket Entry No. 22) and Defendant's Motion for Summary Judgment (Docket Entry No. 23). For the reasons stated below, Plaintiffs' Motion for Summary Judgment will be denied, Defendant's Motion for

---

[1]For simplicity, this opinion refers to Wells Fargo's mortgage servicer and attorneys as "Wells Fargo" or "Defendant" where the precise identity of the actor is not material to the analysis.

Summary Judgment will be granted, and a judgment will be entered granting Wells Fargo declaratory relief.

## I.  **Background**

On February 9, 2005, Plaintiffs executed a Texas Home Equity Security Instrument granting New Century Mortgage Corporation a lien on their Harris County homestead in order to secure a home equity loan.[2]  Wells Fargo "has asserted that it is the current holder of the Note."[3]

On May 28, 2008, "after Plaintiffs began to suffer financial hardships," Wells Fargo accelerated the loan ("the 2008 Acceleration").[4]   On June 12, 2008, Wells Fargo filed an Application for Home Equity Foreclosure in the 113th Judicial District Court of Harris County, Texas, which was granted on

---

[2]Original Petition and Request for Disclosures ("Original Petition"), Exhibit A-3 to Defendant's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-2, p. 11 ¶¶ 11-12; Texas Home Equity Note ("Note"), Exhibit 1 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 21; Texas Home Equity Security Instrument ("Security Instrument"), Exhibit 2 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 25.  Page citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

[3]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, p. 11 ¶ 13.

[4]Id. ¶ 14; see also Letter, May 28, 2008, Exhibit 3 to Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, pp. 42-43.

September 8, 2008.[5]  Wells Fargo did not proceed with a foreclosure sale.  On January 1, 2009, Plaintiff Jose Mendoza filed a petition for Chapter 13 bankruptcy.[6]  It was dismissed on August 11, 2009.[7]

In September of 2009 and June of 2010 Wells Fargo sent Plaintiffs notices of default and intent to accelerate, demanding less than the full accelerated amount of the loan.[8]  On July 22, 2010, Wells Fargo notified Plaintiffs that it had elected to accelerate the loan ("the 2010 Acceleration").[9]

In February, May, and August of 2012 Wells Fargo again sent Plaintiffs notices of default and intent to accelerate demanding only past-due payments and advances, not the full accelerated amount of the loan.[10]  On September 13, 2012, Wells Fargo sent

---

[5]Verified Tex. Rule Civ. P. 736 Application for Home Equity Foreclosure Order, Exhibit A to Motion to Dismiss, Docket Entry No. 5-1.

[6]See Docket, Bankruptcy Case No. 09-30133, Exhibit C-2 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-4, p. 13.

[7]Order of Dismissal, Exhibit C-8 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-4, p. 56.

[8]See Notice of Default and Intent to Accelerate, September 10, 2009, Exhibit B-1 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-3, pp. 6-10; Notice of Default and Intent to Accelerate, June 22, 2010, Exhibit B-2 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-3, pp. 12-21.

[9]Letter, July 22, 2010, Exhibit G to Defendants' Motion for Summary Judgment, Docket Entry No. 23-8.

[10]See Acceleration Warning (Notice of Intent to Foreclose), February 9, 2012, Exhibit A-4 to Defendants' Motion for Summary

Plaintiffs a letter stating that it had elected to accelerate Plaintiffs' loan ("the 2012 Acceleration"). On September 30, 2013, Wells Fargo filed an Application for Home Equity Foreclosure in the 334th Judicial District Court of Harris County, Texas.[11]

Plaintiffs filed this action in the District Court of Harris County on February 3, 2014, under Cause No. 2014-4776.[12]  Ten days later, on February 13, 2014, Wells Fargo sent Plaintiffs a letter stating that Wells Fargo thereby "rescind[ed] the notice of acceleration dated September 13, 2012 and all prior notices of acceleration."[13]  Defendants removed this action on March 6, 2014.[14]

In their Original Petition Plaintiffs alleged violations of Article XVI, § 50(a)(6) of the Texas Constitution regarding their

---

Judgment, Docket Entry No. 23-2, pp. 54-57; Letter, May 4, 2012, Exhibit A-5 to Defendants' Motion for Summary Judgment, Docket Entry No. 23-2, pp. 61-63; Acceleration Warning (Notice of Intent to Foreclose), August 24, 2012, Exhibit A-6 to Defendants' Motion for Summary Judgment, Docket Entry No. 23-2, pp. 69-72.

[11]Tex. Rule Civ. P. 736 Application for Home Equity Foreclosure Order, Exhibit C to Motion to Dismiss, Docket Entry No. 5-3.

[12]Plaintiffs filed their Original Petition in the District Court for the 129th Judicial District.  It was subsequently transferred to the 127th Judicial District.  See Transfer Order, Exhibit A-4 to Notice of Removal, Docket Entry No. 1-2.

[13]Rescission of Acceleration, February 13, 2014, Exhibit B-4 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-3, p. 33.

[14]Notice of Removal, Docket Entry No. 1.

home equity loan.[15]  Plaintiffs also alleged that Wells Fargo was barred from foreclosing on their property by the four-year statute of limitations found in § 16.035(b) of the Texas Civil Practice and Remedies Code.[16]  In addition to seeking declaratory and injunctive relief,[17] Plaintiffs alleged claims for breach of contract[18] and quiet title.[19]

Wells Fargo moved to dismiss all of Plaintiffs' claims.[20]  The court granted Wells Fargo's motion in part, but held that Plaintiffs' had asserted plausible claims based on the statute of limitations in § 16.035(b).[21]  Wells Fargo counterclaimed, seeking a declaration that it abandoned all prior accelerations of the Plaintiffs' loan such that no cause of action for judicial foreclosure has accrued or, in the alternative, an in rem judgment declaring that the Security Instrument has priority over any other claim against Plaintiffs' property and ordering that Plaintiffs'

---

[15]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-2, pp. 11-13 ¶¶ 16-17.

[16]Id. at 13-14 ¶¶ 18-21.

[17]Id. at 15-17, ¶¶ 29-36, 19 ¶¶ a-d.

[18]Id. at 14 ¶¶ 22-24.

[19]Id. at 14-15 ¶¶ 25-28, 19 ¶ a.

[20]Defendant's Motion to Dismiss, Docket Entry No. 5.

[21]Memorandum Order and Opinion, Docket Entry No. 14, p. 18.

property be sold at a judicial sale.[22]  Both parties have moved for summary judgment.

## II.  __Motions for Summary Judgment__

### A.  __Standard of Review__

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553).  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."  Id.  If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and

---

[22]Defendant's Amended Counterclaim, Docket Entry No. 21, pp. 4-5.

produce evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

"In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the existence of a genuine issue of material fact." CQ, Inc. v. TXU Min. Co., L.P., 565 F.3d 268, 273 (5th Cir. 2009). "The party must also articulate the precise manner in which the submitted or identified evidence supports his or her claim." Id. (internal quotation marks and citation omitted). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." Id. (same).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

**B.   Analysis**

    1.   <u>Wells Fargo is entitled to summary judgment on</u>
         <u>Plaintiffs' claims.</u>

Plaintiffs argue that because more than four years have elapsed since Defendant first accelerated Plaintiffs' loan in May of 2008 the statute of limitations has expired, and Defendant's lien and power of sale are void under Texas law.  Wells Fargo argues that the parties abandoned the 2008 Acceleration by their subsequent agreement and actions.  Because the court concludes that the 2008 Acceleration was abandoned, the statute of limitations has not expired, and the lien and power of sale are valid.  Wells Fargo is entitled to summary judgment on Plaintiffs' claims for quiet title and declaratory relief.

Under Texas law, a real property lien and the power of sale to enforce it become void if a lender does not seek to foreclose within four years of the day the cause of action accrues.  Tex. Civ. Prac. & Rem. Code § 16.035; <u>Holy Cross Church of God in Christ v. Wolf</u>, 44 S.W.3d 562, 567 (Tex. 2001)  "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated."  <u>Khan v. GBAK Properties, Inc.</u>, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.).  Where acceleration is optional at the election of the note holder, the cause of action accrues only when the note holder actually exercises its option to accelerate.  <u>Holy Cross</u>, 44 S.W.3d at 566.  Effective acceleration

requires (1) notice of intent to accelerate, and (2) notice of acceleration. <u>Id.</u> at 566. It is undisputed that Wells Fargo accelerated Plaintiffs' loan on May 28, 2008.

Nevertheless, a note holder who exercises its option to accelerate may abandon acceleration before the limitations period expires, restoring the contract to its original condition, including the note's original maturity date. <u>Khan</u> 371 S.W.3d at 353 (citing <u>Holy Cross</u>, 44 S.W.3d at 566-67). "Thus, if a noteholder abandons acceleration, he no longer must foreclose within four years from the date of acceleration." <u>Leonard v. Ocwen Loan Servicing, LLC</u>, No. H-13-3019, 2014 WL 4161769, at *2 (S.D. Tex. Aug. 19, 2014).

"[T]he holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." <u>Holy Cross</u>, 44 S.W.3d at 567; <u>see also</u> <u>Rivera v. Bank of America, N.A.</u>, No. 4:13CV195, 2014 WL 2996159, at *6 (E.D. Tex. July 3, 2014) ("[A]cceleration was abandoned . . . when Defendants accepted a payment subsequent to the acceleration and opted not to foreclose at that time.") "In addition, acceleration can be abandoned by agreement or other action of the parties." <u>Khan</u>, 371 S.W.3d at 353 (citing <u>Holy Cross</u>, 44 S.W.2d at 567).

Here, the undisputed evidence establishes that the parties abandoned the 2008 Acceleration. After Plaintiff Jose Mendoza declared bankruptcy in January of 2009 the bankruptcy court entered

-9-

an Agreed Order allowing an amended proof of claim for Plaintiffs' loan.[23]  The Agreed Order specified the agreed amount of Plaintiffs' monthly payment and the arrearage due.[24]  Thereafter, Mendoza filed a Chapter 13 plan under which he proposed making his monthly mortgage payments in the agreed amount for 60 months and also curing the arrearage through 55 monthly payments.[25]  On July 8, 2009, Defendant received a check covering four monthly mortgage payments and applied it to Plaintiffs' loan.[26]  On August 12, 2009, the bankruptcy court dismissed Mendoza's case.[27]  On September 10, 2009, Defendant sent Plaintiffs a new notice of default and intent to accelerate, demanding only the past-due amount of the loan.[28]

---

[23]Docket, Bankruptcy Case No. 09-30133, Exhibit C-2 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-4, p. 13; Agreed Order on Allowance of Proof of Claim of Chase Home Finance LLC, Successor by Merger to chase Manhattan Mortgage Corporation its Assigns and/or Successors, Exhibit C-5 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-4, pp. 39-41.

[24]Id. at 40.

[25]Uniform Plan and Motion for Valuation of Collateral, Exhibit C-6 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-4, p. 44.

[26]See Loan History, Exhibit A-3 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-2, p. 34; see also Chapter 13 Standing Trustee's Final Report and Account, Exhibit C-7 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-4, p. 53-54.

[27]Order of Dismissal, Exhibit C-8 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-4, p. 56.

[28]Notice of Default and Intent to Accelerate, September 10, 2009, Exhibit B-1 to Defendant's Motion for Summary Judgment, Docket Entry No. 23-3, p. 6.

Considering the parties' Agreed Order, Mendoza's proposed plan, Plaintiffs' tendering and Defendant's acceptance of payments after acceleration, and Defendant's subsequent notice of default demanding less than the full accelerated amount of the loan, the court concludes that the parties, by their agreement and actions, abandoned the 2008 Acceleration.[29]

Plaintiffs argue that "agreements in bankruptcy do not abandon acceleration if [the] bankruptcy [is] dismissed without discharge."[30]   Because Mendoza "failed out of bankruptcy," plaintiffs argue that "the acceleration springs back into what it was just prior to the filing of the bankruptcy petition."[31]

The authorities cited by Plaintiffs do not support this conclusion.  As Wells Fargo points out, these authorities instead stand for the proposition that upon dismissal of a bankruptcy, the Chapter 13 plan and certain other orders are no longer enforceable. See, e.g., In re Oparaji, 698 F.3d 231, 238 (5th Cir. 2012)

---

[29]See also In re Rosas, 13-52402-CAG, 2014 WL 1779437, at *11 (Bankr. W.D. Tex. May 5, 2014), aff'd, 520 B.R. 534 (W.D. Tex. 2014) ("Here, the Court agrees with Defendants and holds that, as a matter of law, the parties abandoned any acceleration prior to May 20, 2010, because: (1) the parties' actions in the Forbearance Agreement establish abandonment; (2) the parties' conduct in tendering and accepting payments in accordance with the Forbearance Agreement establish abandonment; and (3) the Monthly Mortgage Statements further establish an agreement to abandon acceleration on the part of Defendants.").

[30]Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment ("Plaintiffs' Reply"), Docket Entry No. 28, p. 4.

[31]Id. at 4-5.

("[S]ince the Bankruptcy Court dismissed Debtor's bankruptcy plan without granting a discharge, the court's acceptance of that plan was negated and the parties were no longer bound by its terms."). As it relates to the issue of abandonment, however, the enforceability of the agreed order and proposed plan is irrelevant. See In re Rosas, 520 B.R. at 542 ("[T]he Forbearance Agreement is an action by both parties that established abandonment. Its enforceability is irrelevant and does not impact whether tendering and accepting payments constitutes abandonment.") As Wells Fargo persuasively argues, "the parties' entry into the agreed order and the Plaintiffs' proposal of the Chapter 13 Plan are actions unequivocally showing intent to abandon acceleration."[32]

Plaintiffs also argue that the statute of frauds and the terms of their loan forbid oral modification, apparently suggesting that the parties cannot abandon acceleration except by written agreement.[33] "However, the Texas Statute of Frauds does not apply to abandonment because abandonment can be accomplished through actions alone; actions that do not have to be in writing." In re Rosas, 520 B.R. at 540. "It has been the law of Texas at least since 1901 that the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or

---

[32]Defendants' Reply Brief in Support of its Motion for Summary Judgment ("Defendants' Reply"), Docket Entry No. 30, p. 6 (emphasis in original).

[33]Plaintiffs' Reply, Docket Entry No. 28, p. 4 ¶10.

actions." Khan, 371 S.W.3d at 356 (citing San Antonio Real-Estate v. Stewart, 61 S.W. 386, 388 (Tex. 1901)). "[I]f an agreement abandoning acceleration had to be in writing, then the parties would not be able to do it by their actions alone, as San Antonio Real-Estate holds." Id.

Plaintiffs further argue that an anti-waiver provision in the Security Instrument prevents Wells Fargo from abandoning acceleration by accepting less than the full amount due.[34] Specifically, the Security Instrument states that "[a]ny forbearance by Lender in exercising any right or remedy including . . . acceptance of payments . . . in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy."[35] Abandonment of a prior acceleration and waiver of future acceleration are separate issues, however. See, e.g., Rivera, 2014 WL 2996159, at *6, *8 (finding that lender abandoned acceleration but, separately, that it had not waived its right to later accelerate and foreclose). Plaintiffs point to no authority, and the court is aware of none, construing an anti-waiver provision in a deed of trust as barring abandonment of acceleration.

Furthermore, construing the anti-waiver provision as Plaintiffs suggest would only harm borrowers. As Wells Fargo argues, anti-waiver provisions "encourage forbearance by allowing

---

[34]Plaintiffs' Reply, Docket Entry No. 28, pp. 3-4 ¶¶5-9.

[35]Security Instrument, Exhibit 2 to Plaintiffs' Motion for Summary Judgment, Docket Entry No. 22-2, p. 9 ¶11.

lenders to delay exercising remedies, such as foreclosure, without the risk of losing contractual rights," but "applying [such a provision] to prevent abandonment of acceleration would have the opposite and perverse effect of discouraging forbearance."[36]

Because the undisputed facts establish that the parties abandoned the 2008 Acceleration, no cause of action accrued as a result, and Wells Fargo is not barred by limitations from foreclosing pursuant to the Security Instrument.   Therefore, Plaintiffs' claims for quiet title and declaratory relief fail as a matter of law.

      2.   <u>Wells Fargo's letter of rescission was effective to abandon the 2010 and 2012 Accelerations.</u>

Wells Fargo seeks a declaration that it abandoned "all prior accelerations" by sending plaintiffs a letter of rescission in February of 2014, such that no cause of action to foreclose has accrued.[37]   Where, as here, a security instrument gives a note holder the option to accelerate upon the borrower's default, and the note holder exercises that option, the note holder has "a right to withdraw or revoke its option to accelerate payment." <u>Denbina v. City of Hurst</u>, 516 S.W.2d 460, 463 (Tex. Civ. App.—Tyler 1974, no writ) .  The note holder can effectively withdraw or revoke its option, i.e., abandon acceleration, by, for example, taking a non-

---

[36]Defendant's Reply, Docket Entry No. 30, p. 9.

[37]Defendant's Motion for Summary Judgment, Docket Entry No. 23, p. 22.

suit in an action on the note, id., filing a notice of rescission, Clawson v. GMAC Mortg., LLC, No. G-12-212, 2013 WL 1948128, at *4 (S.D. Tex. May 9, 2013), or notifying the borrower by letter that the note holder rescinds a prior notice of acceleration, Factor v. JPMorgan Chase Bank, N.A., G-13-266, 2014 WL 3735569, at *1,*2 (S.D. Tex. July 28, 2014).[38]

Wells Fargo accelerated Plaintiffs' loan on July 22, 2010,[39] and again on September 13, 2012.[40] Wells Fargo sent Plaintiffs a letter on February 13, 2014, stating that Wells Fargo thereby "rescind[ed] the notice of acceleration dated September 13, 2012 and all prior notices of acceleration," and that Wells Fargo "further agree[d] that Borrower may continue to pay the indebtedness due [Wells Fargo] pursuant to the terms of the debt

---

[38]While there is authority for the proposition that acceleration becomes irrevocable by the note holder under certain circumstances, none of those circumstances are present in this case. See, e.g., Denbina, 516 S.W.2d at 463 (stating that it "may be true" that acceleration is irrevocable "against the will of the payor," but "where the payor makes no objection" acceleration is revocable); Murphy v. HSBC Bank USA, No. H-12-3278, 2014 WL 1653081, at *9 (S.D. Tex. April 23, 2014) ("[I]t is the law that a note holder cannot unilaterally rescind acceleration over the objection of the debtor."); Callan v. Deutsche Bank Trust Co., 11 F. Supp. 3d 761, 770 (S.D. Tex. 2014) (holding that "[lender's] eleventh-hour rescission where Plaintiff had detrimentally relied on the acceleration was ineffective").

[39]Letter, July 22, 2010, Exhibit G to Defendants' Motion for Summary Judgment, Docket Entry No. 23-8.

[40]Letter, September 13, 2012, Exhibit A-7 to Defendants' Motion for Summary Judgment, Docket Entry No. 23-2, pp. 180-188.

secured by the Deed of Trust."[41]   Because Plaintiffs offer no evidence to suggest that the letter was not effective to rescind the prior accelerations, there is no genuine issue of material fact as to whether Wells Fargo abandoned the 2010 and 2012 Accelerations.[42]

### III.   **Conclusions and Order**

Because the undisputed facts establish that the parties abandoned the 2008 Acceleration and that Wells Fargo effectively rescinded the 2010 and 2012 Accelerations, no cause of action for foreclosure has accrued and Wells Fargo is not barred by limitations from foreclosing on Plaintiffs' property.   Plaintiffs' Motion for Summary Judgment is therefore **DENIED**, Defendant's Motion

---

[41]Rescission of Acceleration, February 13, 2014, Exhibit B-4 to Defendants' Motion for Summary Judgment, Docket Entry No. 23-3, p. 33.

[42]In its Amended Counterclaim, Wells Fargo requests a declaration that it abandoned "all accelerations within the four-year period prior to September 14, 2012 by sending the Rescission of Acceleration," Docket Entry No. 21, p. 4, but in a footnote Wells Fargo expresses its "intent to rescind all prior accelerations," id. n.2.   The court finds that the February 2014 letter of rescission was effective to rescind the 2010 and 2012 Accelerations.   Because the court also concludes that the parties abandoned the 2008 Acceleration by their actions, see Section II.B.1 above, it need not address whether the letter of rescission, sent two years after the limitations period on the 2008 Acceleration would have expired and ten days after Plaintiffs sued to prevent foreclosure based on the statute of limitations, was effective to abandon the 2008 Acceleration.   Wells Fargo provides no authority for that argument.

for Summary Judgment is **GRANTED**, and a judgment will be entered
granting Wells Fargo declaratory relief.

     **SIGNED** at Houston, Texas, this 23rd day of January, 2015.

                          SIM LAKE
             UNITED STATES DISTRICT JUDGE